UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  STEWART BARGE NUMBER
TWELVE, LLC, AS OWNER OF THE
SC 740 BARGE

           *    CIVIL ACTION
           *    NO.  25-1300
           *
           *    SECTION:  "M" (1)
           *
           *    JUDGE BARRY W. ASHE
           *
           *    MAGISTRATE JUDGE
           *    JANIS VAN MEERVELD

ORDER AND REASONS

This is a maritime limitation action with a single personal injury claimant. The vessel owner is seeking to join the vessel operator/employer as a defendant to the personal injury claimant's claim against the vessel owner via Federal Rule of Civil Procedure 19. But the personal injury claimant insists he is entitled to pursue the vessel owner/employer in state court. Because there is no risk that the existing parties could be subjected to multiple or inconsistent obligations without the proposed joinder, mandatory joinder is not appropriate and the Motion for Joinder (Rec. Doc. 8) must be DENIED.

Background

This lawsuit was initiated by Stewart Barge Number Twelve, L.L.C., as owner of the SC 740 Barge, its equipment, gear, furniture, appurtenances, etc., petitioning for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30529. The precipitating incident occurred on or about January 3, 2025, while the SC 740 Barge was chartered by Stewart Construction, LLC,[1] for a mooring and breasting dolphin replacement project. While working on the project, Angel Guevara—an employee of Stewart Construction—sustained injuries to his right foot when it

---

[1] Stewart Barge and Stewart Construction are parties to a Barge Bareboat Charter Party.

1

became entrapped in a winch aboard the ringer crane on the SC 740 Barge. Mr. Guevara underwent medical treatment and his right foot has been partially amputated.

The District Court issued an order enjoining all suits, actions, or proceedings of any nature against Stewart Barge or the SC 740 Barge to recover damages related to the January 3, 2025, incident. The monition date for asserting claims was set for July 31, 2025.

Mr. Guevara filed an Answer and Claim for Damages asserting causes of action against Stewart Barge under 33 U.S.C. § 905(b),[2] for unseaworthiness of the SC 740, under General Maritime tort law, under the Jones Act,[3] for vicarious liability, for negligence under Louisiana law, and for punitive damages under state law. Mr. Guevara alleges that he was employed by Stewart Construction and that he was instructed by employees of Stewart Construction and Stewart Barge to stand atop the winding spool of the winch while the crane was being lowered for further navigation of the vessel. He alleges this exposed him to an unguarded, unprotected section of the cable spool on the winch. His foot then became trapped in the spool of the winch during the operation of lowering the crane. Mr. Guevara alleges that employees of Stewart Construction and Stewart Barge had previously modified the winch, causing it to become unreasonably dangerous. Mr. Guevara also alleges that the managers, members, and employees of Stewart Barge and Stewart Construction are the same and that they are considered a single business enterprise due to the lack of formalities separating them.

Stewart Construction and Signal Mutual Indemnity also filed an Answer and Claim seeking to recover from Stewart Barge for the compensation, medical expenses, and attorneys' fees they

---

[2] This cause of action under the Longshore and Harbor Workers' Compensation Act concerns injury caused by negligence of a vessel.
[3] Although Mr. Guevara does not explicitly allege that Stewart Barge is his employer, he alleges that he "spent more than 30% of his work time aboard vessels working for Stewart Construction, LLC and/or Petitioner [Stewart Barge]." Rec. Doc. 6, at 15.

2

have paid to Mr. Guevara under the Longshore and Harbor Workers' Compensation Act. Stewart Construction alleges that it employed Mr. Guevara at the time of the incident and denies it caused or contributed to Mr. Guevara's injuries.

After this, Mr. Guevara filed a lawsuit in Louisiana state court against Stewart Construction asserting claims under the Jones Act,[4] for unseaworthiness, under 33 U.S.C. § 905(b), under General Maritime Law, for negligence under Louisiana law, and for punitive damages under General Maritime Law. As in his federal lawsuit, he alleges that he was employed by Stewart Construction and that he was instructed to stand atop the winding spool of the winch. But he does not allege who issued the instructions. He alleges that individuals had previously modified the winch and that Stewart Construction knew or should have known of the alterations.

Then Stewart Barge filed the present Motion for Joinder of Necessary Party, arguing that Stewart Construction must be joined to this federal action as an indispensable party to Mr. Guevara's claims. It argues that proceeding without Stewart Construction would expose Stewart Barge to potentially inconsistent results and could lead to double recovery by Mr. Guevara in separate lawsuits. It argues that because Mr. Guevara has alleged that both Stewart Barge and Stewart Construction were responsible for the condition of the winch at the time of the incident, it will be necessary to interpret the Barge Bareboat Charter Party between Stewart Barge and Stewart Construction. Further, it argues that it will not be possible for the Court to accord complete relief among the existing parties because Mr. Guevara has alleged the fault of both Stewart Barge and Stewart Construction in this action and has asserted a Jones Act claim in this federal case even though such claims only arise against the employer. Additionally, it argues that the issue of whether

---

[4] In his state court petition, he alleges that he "spent more than 30% of his work time aboard vessels working for Stewart Construction." Rec. Doc. 8-3, at 4. Unlike in his federal claim, he does not mention Stewart Barge. At oral argument, counsel for Mr. Guevara explained that the elimination of any mention of Stewart Barge from the state court petition was likely due to their attempt to avoid violating this Court's stay order.

the crane qualifies as an appurtenance of SC 740 and which entity was responsible for operating the crane will arise in both this litigation and in Mr. Guevara's state court lawsuit against Stewart Construction.

Mr. Guevara opposes. He insists that his Jones Act claim against Stewart Construction is separate and distinct from this limitation action. He points out that Stewart Construction is already a party to this action and submits that Stewart Barge is attempting to force him to pursue his claims against Stewart Construction in this court. He insists the savings to suitors clause, the Anti-Injunction Act, and the limited scope of the limitation action all preclude the relief sought by Stewart Barge. He submits that no court has held that claims against third parties arising out of the same incident are required by Rule 19 to be joined to the shipowner's limitation proceeding. He argues that this is because the nature of a limitation proceeding is such that the claims against third parties are not essential to the determination of a shipowner's right to seek limitation. He points out that the Limitation of Liability Act applies only to shipowners, the saving to suitors clause preserves common law remedies, and there is no diversity jurisdiction in this case (or as to his claims against Stewart Construction).

In reply, Stewart Barge argues that Mr. Guevara's claims against it and Stewart Construction are not separate and distinct. Instead, it argues that Mr. Guevara is pursuing the same claim and same causes of action in two different fora. It submits that Mr. Guevara alleges that both Stewart Barge and Stewart Construction are his Jones Act employers. By doing so, it argues, Mr. Guevara has made Stewart Construction an indispensable party to the Jones Act claim. Additionally, it says that although Stewart Construction is a claimant, its presence in this action is only in its capacity as Mr. Guevara's longshore employer. It explains that it seeks to join Stewart Construction in a different capacity.

Stewart Construction has not filed a memorandum in opposition to or in support of Stewart Barge's motion. According to Stewart Barge's Complaint, the companies are unaffiliated. Rec. Doc. 1, at 2. As noted above, Mr. Guevara alleges Stewart Barge and Stewart Construction are a single business enterprise. In opposition to the present motion, he claims that Stewart Construction and Stewart Barge share legal counsel. Rec. Doc. 9, at 4. Although the two parties do not share counsel in this case, at oral argument, counsel for Stewart Barge in this case confirmed that her firm also represents Stewart Construction in the state court litigation.

Of note, Stewart Construction has filed a Peremptory Exception of Nonjoinder in the state court litigation. Stewart Barge contends that if that motion is granted, then Mr. Guevara will have to dismiss his state court lawsuit because joining Stewart Barge as a defendant to the state court suit would violate the District Court's injunction.

<u>Law and Analysis</u>

1. *Limitation Actions*

"The statutory right of limitation of liability enables a shipowner to limit liability for damage claims arising out of a voyage of the vessel to the post-casualty value of that vessel and pending freight provided that the damage that occasioned the claims was incurred without the privity or knowledge of the owner." § 15:2. Policy of limitation, 2 The Law of Maritime Personal Injuries § 15:2 (5th ed.). "The statutes in a broad and popular sense manifest an intent to encourage investment by exempting investors in ships from loss in excess of their investment." <u>Id.</u> Under the Act, "[t]he term 'owner' includes a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement." 46 U.S.C.A. § 30501(2); <u>see</u> <u>Trail Marine LLC v. Tex. Petro. Inv. Co</u>, No. 6:22-CV-02050, 2022 U.S. Dist. LEXIS 212015, at *8 (W.D. La. Oct. 28, 2022) ("In cases involving a bareboat charter agreement, the charterer assumes

complete and exclusive possession, command, and navigation of the vessel, such that the charterer is considered an owner *pro hac vice* entitled to seek limitation of liability.").

The procedure, as explained by the Fifth Circuit, is as follows:

When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court. The court takes jurisdiction to entertain those claims without a jury, and ensures that the shipowner who is entitled to limitation is not held to liability in excess of the amount ultimately fixed in the limitation suit (the limitation fund). The court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum.

Magnolia Marine Transp. Co. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5th Cir. 1992) (citations omitted). As Mr. Guevara points out here, often federal courts will bifurcate the issues for trial and rule on the limitation issues first, and then if the petitioner is not entitled to limitation or exoneration, "allow claimants to return to state court if they so desire." In re Mississippi Limestone Corp., No. 4:09-CV-00036-SA-DAS, 2010 WL 4174631, at *3 (N.D. Miss. Oct. 7, 2010) (quoting In re Athena Const., LLC, No. CIV A 06-2004, 2007 WL 1668753, at *6 (W.D. La. June 6, 2007)). This procedure is prompted by the tension between the vessel owner's right to seek limitation in federal court and the saving to suitors clause, which preserves suitors' choice of common law remedies. Matter of Graham Offshore Tugs LLC, 752 F. Supp. 3d 619, 623 (E.D. Tex. 2024); see Fecht v. Makowski, 406 F.2d 721, 723 (5th Cir. 1969) ("The reason for enjoining state court suits is to distribute effectively a limited fund in a single proceeding, not to 'transform the (Limitations) Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights . . . .'" (quoting Lake Tankers Corp. v. Henn, 354 U.S. 147, 152 (1957))).

2. *Rule 19 Mandatory Joinder*

Limitation Petitioner Stewart Barge argues that joinder is mandatory under Federal Rule of Civil Procedure 19. This rule provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." HS Res., Inc. v. Wingate, 327 F.3d 432, 438 (5th Cir. 2003). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" Hood ex rel. Mississippi v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009) (quoting Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir. 1986)).

Joint tortfeasors are not necessary parties under Rule 19. See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990); see Fed. R. Civ. P. 19 advisory committee comments to the Amended Rule ("It should be noted particularly, however, that the description is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."). Thus, a plaintiff cannot typically "be forced to sue a joint tortfeasor on the theory that an absent joint tortfeasor automatically

subjects the other defendants to a risk of multiple or inconsistent obligations." Payan v. Cont'l Tire N. Am., Inc., 232 F.R.D. 587, 589 (S.D. Tex. 2005).

Courts have held that "[w]here interpretation of a contract is at issue, the parties to the contract are necessary parties" under Rule 19. In re Apple iPhone 3G & 3GS MMS Mktg. & Sales Pracs. Litig., 864 F. Supp. 2d 451, 456 (E.D. La. 2012); Siemens Bldg. Techs., Inc. v. Jefferson Par., No. CIV.A. 03-2272, 2004 WL 1837386, at *6 (E.D. La. Aug. 16, 2004) ("Federal courts consistently hold that a party to an agreement in dispute is an indispensable party under F. Rule Civ. P. 19(a) in a suit seeking to rescind, annul, or interpret that agreement."). For example, in Apple iPhone, plaintiffs had purchased iPhone 3G or 3GS cellular telephones that, for the first time, came equipped with Multimedia Messaging Service ("MMS") that would allow a user to send pictures and videos without an internet connection via a wireless connection (previously, text-only messages could be sent this way). 864 F. Supp. 2d at 453. As a result of an exclusivity agreement between AT&T and Apple requiring the iPhone could only be used on AT&T's network, plaintiffs had to enter into a Wireless Services Agreement ("WSA") with AT&T to access its wireless service network and use the MMS feature. Id. at 454. But plaintiffs alleged that when AT&T realized sending pictures and videos would overload its network, it barred iPhone users from having MMS but charged them for the service anyway. Id. Plaintiffs alleged that Apple never disclosed that they would have to pay for the MMS feature but not be able to use it and that Apple advertised the MMS feature with videos of people texting pictures but only provided small, fine print disclosures about "when the service was available" that were "intentionally designed so that consumers would not see or understand them." Id.  Plaintiffs sued Apple and AT&T but then voluntarily dismissed AT&T. Id. at 453. Later, Apple sought to join AT&T under Rule 19 and to compel arbitration pursuant to the WSA between AT&T and plaintiffs. Id. at 453-54. The court

found that plaintiffs' claims against Apple "were ultimately based on AT&T's alleged contractual obligation under the WSA to provide MMS, as well as the bills Plaintiffs paid under the WSA that allegedly included charges for MMS." Id. at 461. Thus, the court found that AT&T was a necessary party under Rule 19(a). Id. at 456.

But no party has been able to cite a case where Rule 19 has successfully been used to join a third party to a limitation action. In In re Diamond B Marine Services, Inc., the court rejected the attempt.[5] No. CIV.A. 99-951, 2000 WL 1262979, at *2 (E.D. La. Sept. 5, 2000). In that case, one of the limitation petitioners sought to join the crew members of its vessel who had been sued separately in state court by the passenger claimants, arguing that the court would not be able to afford complete relief to the claimants without these defendants and that their joinder would ensure that the petitioners were not found responsible for the fault of the crew members. Id. at *1. But the court explained that

> [T]he purpose of a federal limitation proceeding is to ascertain whether the ship owner is entitled to the Act's protection and, if so, to determine how the limitation fund should be distributed. The purpose of the proceeding is *not* to provide complete relief to all parties, as evidenced by the fact that the Act precludes state court suits against ship owners, but allows such suits against all other parties.

Id. The court found the crew members were not necessary parties. Id. The court also denied the crew members' motion to intervene, noting that although their "defenses share common questions of law and fact with the limitation proceeding, it would be awkward to make [the crew members] 'defendants' in that proceeding, since the passenger claimants are not actually 'plaintiffs.'" Id. at *2.

---

[5] In so doing, the court similarly observed that the parties had not cited "any case in which a court has granted a Rule 19(a) motion in a limitation of liability proceeding." In re Diamond B Marine Servs., Inc., No. CIV.A. 99-951, 2000 WL 1262979, at *2 (E.D. La. Sept. 5, 2000).

### 3. *Rule 20 Permissive Joinder*

Under Rule 20, a person may be joined as a defendant if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Id. R. 20(a)(2). Even if this test is satisfied, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted). "The purpose of Rule 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Guedry v. Marino, 164 F.R.D. 181, 184 (E.D. La. 1995). Thus, "joinder of claims, parties and remedies is strongly encouraged." Id. (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). Nonetheless and critically relevant in this case, permissive joinder under Rule 20 is at the option of the plaintiffs.[6] See Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 574 (5th Cir. 1995); see also Field v. Volkswagenwerk AG, 626 F.2d 293, 299 (3d Cir. 1980) ("Under Rule 20, moreover, joinder of plaintiffs "is at the option of the plaintiffs;" it cannot be demanded as a matter of right by the defendant.")

### 4. *Analysis*

First, the Court addresses Mr. Guevara's argument that because Stewart Construction is already a party to this action (albeit in a different capacity), the motion should be denied outright. But Mr. Guevara recognizes that Stewart Barge seeks to join his claim against Stewart

---

[6] As explained in Moore's Federal Practice: "Although universal employment of the permissive party joinder rule, by joining all interested parties, would virtually eliminate duplicative litigation, the plaintiff is not required to join all potential litigants. Moreover, the defendant has no right to insist that the plaintiff join all persons who satisfy the permissive party joinder standard." 4 Moore's Federal Practice - Civil § 20.02 (2025).

Construction. That is the issue before the Court:  whether Stewart Construction must be joined as a defendant to Mr. Guevara's claims under Rule 19.

There are two ways to satisfy Rule 19(a). Although the parties do not distinguish between them, the Court finds it helpful to do so.

    *a.  Rule 19(a)(1)(A) - Can the Court accord complete relief among the existing parties?*

Stewart Barge argues that the Court cannot afford complete relief among the existing parties without the presence of Stewart Barge as a defendant to Mr. Guevara's claims. Although it is not binding on this Court, the <u>Diamond B</u> court rejected this argument, finding that the limitation action was not intended to provide complete relief to all parties but merely to protect the petitioner's right to limit liability. Just as in <u>Diamond B</u>, the presence of Mr. Guevara's claims against Stewart Construction is not necessary to protect Stewart Barge's alleged right to limitation. Stewart Barge admits as much.[7] Rec. Doc. 11, at 3. The Court finds that joinder is not necessary to afford complete relief under Rule 19(a)(1)(A).

    *b.  Rule 19(a)(1)(B) - Does Stewart Construction have an interest in the action that would be practically impaired or subject Stewart Barge to a substantial risk of multiple or inconsistent obligations?*

Stewart Barge argues that Stewart Construction must be joined as a defendant to Mr. Guevara's claims to prevent inconsistent results. Its focus on the term "results" reveals the problem. Rule 19 is concerned with a risk of inconsistent obligations. But Stewart Barge is not a party to the state court litigation and as long as this Court's stay order is in effect, it never could be. There is no chance Stewart Barge would be subject to inconsistent results.

---

[7] Stewart Barge distinguishes the <u>Diamond B</u> case because no Jones Act claim had been asserted against the vessel owner. It argues that because Mr. Guevara asserts a Jones Act claim against both Stewart Barge and Stewart Construction, both must be present here in order to avoid inconsistent results. The Court considers this argument under subsection (B).

Stewart Barge argues that because Mr. Guevara asserts a Jones Act claim against Stewart Barge here and a Jones Act claim against Stewart Construction in state court, there is a risk that one court will find Mr. Guevara to be a seaman subject to the Jones Act and the other court will not. It argues there is a risk that this court could find that Stewart Barge is the Jones Act employer while the state court could find that Stewart Construction is the Jones Act employer. This would be inconsistent, it says, because Mr. Guevara can only have one Jones Act employer.[8] And it argues that one court might find the crane at issue is an appurtenance of the vessel while the other might find the crane is not an appurtenance of the vessel. While these hypothetical rulings might be inconsistent with each other, they could not result in Stewart Barge being subjected to inconsistent obligations. It could not be made a party to the state court litigation and cannot not incur any obligations there at all. Consistent with the well settled rule that joint tortfeasors are not necessary parties under Rule 19, Temple, 498 U.S. at 7, the Court does not find a risk of multiple or inconsistent obligations to existing parties present here.

This is also consistent with the ruling in Diamond B, where the court held that Rule 19 could not be used to join crew members as third party defendants to the claims of the passenger claimants against the vessel owner. 2000 WL 1262979, at *1. As the Dimond B court observed, the purpose of a limitation action "is *not* to provide complete relief to all parties." Id. Stewart Barge attempts to distinguish Diamond B because it involved crew members and not an alleged employer,

---

[8] It is not entirely clear that there could never be two Jones Act employers. The case cited by Stewart Barge for its "one Jones Act employer" statement seems to contemplate more than one by saying "[a]t trial, Plaintiff will bear the burden of proving all elements of his Jones Act claims, including that he is a Jones Act seaman and, if so, that Pioneer is *one of his Jones Act employers*." Delozier v. S2 Energy Operating, LLC, 491 F. Supp. 3d 149, 156 (E.D. La. 2020) (emphasis added). Elsewhere in Stewart Barge's brief, it states that "it may be possible for a seaman to have more than one Jones Act employer." Sanchez v. Aries Marine Corp., No. CIV.A. 02-1455, 2003 WL 203102, at *1 (E.D. La. Jan. 28, 2003).

but the Court finds no reason why this factual distinction would impact the conclusion. In both cases, the facts and legal issues overlap but the claims are separate. [9]

Stewart Barge also argues that Stewart Construction must be joined because the Court will be required to interpret the Charter Party to which Stewart Construction is a party. It says this is so because the Charter Party addresses the two companies' responsibilities and obligations with respect to SC 740. But Stewart Barge does not explain why the interpretation of the contract here would make Stewart Construction a necessary party. There is no claim seeking to rescind or annul the Charter Party. There does not seem to be any finding in this case that could bind or impact Stewart Construction. In the <u>Apple iPhone</u> case that Stewart Barge cites, the court found AT&T was a necessary party because the plaintiffs' claims against existing defendant Apple were ultimately based on Apple's exclusivity contract with AT&T, which resulted in plaintiffs entering into a contract with AT&T that they alleged improperly charged them for a service they were not receiving. But here, the Charter Party did not result in a direct impact to Mr. Guevara. And to the extent this Court considers the Charter Party in determining Stewart Barge's obligations as to the operation and maintenance of the SC 740, this will not result in any rulings as to the contract itself (such as requiring Stewart Barge to undertake obligations thereunder, holding that Stewart Construction is relieved from obligations thereunder, nullifying the contract, or similar. Further, to the extent Stewart Construction has rights against Stewart Barge under the Charter Party, it has not chosen to pursue them here. The Court finds that the Charter Party does not make Stewart Construction a necessary party under Rule 19.

---

[9] Stewart Barge noted that fact discovery would require cooperation and coordination with Stewart Construction. While discovery may be required from Stewart Construction, this alone is not enough to find it a necessary party. Indeed, the Federal Rules of Civil Procedure provide methods for obtaining discovery from non-parties, see Fed. R. Civ. P. 45. Moreover, since counsel for Stewart Barge in this action represents Stewart Construction with regard to Mr. Guevara's claims in the state action, the Court is hopeful that Stewart Construction will cooperate with any such discovery.

*c. Permissive Joinder*

The situation is different when considering Rule 20, which applies specifically to joint tortfeasors. Fed. R. Civ. P. 20(a)(2) (providing that persons may be joined where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."). There seems to be no dispute that Mr. Guevara's claim against Stewart Construction arises out of the same transaction, occurrence, or series of occurrences and that the action will raise common questions of law and fact. But Rule 20 provides for *permissive* joinder, not compelled joinder. It might be available if Mr. Guevara voluntarily sought to join his claim against Stewart Construction. He has not chosen to do so.

<u>Conclusion</u>

The requirements of Rule 19 have not been satisfied and Rule 20 is not available by the circumstances presented. Accordingly, Stewart Barge's Motion for Joinder of Necessary Party (Rec. Doc. 8) is DENIED.

New Orleans, Louisiana, this 4th day of November, 2025.

Janis van Meerveld
United States Magistrate Judge